# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

May 7, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CRAIG A. SHARP,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0654**  (BOR Appeal No. 2049164)
                (Claim No. 2010134596)

**ALCAN ROLLED PRODUCTS – RAVENSWOOD, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Craig A. Sharp, by Edwin Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Alcan Rolled Products – Ravenswood, LLC, by James Heslep, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 5, 2014, in which the Board modified a March 12, 2012, Order of the Workers' Compensation Office of Judges. The Board of Review modified the Office of Judges' Order to reflect that the date of last exposure in the instant claim is October 31, 2002, and affirmed the remainder of the Office of Judges' Order. In its Order, the Office of Judges reversed the claims administrator's June 11, 2010, decision rejecting Mr. Sharp's occupational pneumoconiosis claim, and the Office of Judges held the claim compensable for occupational pneumoconiosis on a non-medical basis with the date of last exposure determined as May 11, 2010.[1] The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

---

[1] The Board of Review noted that the March 12, 2012, Order of the Office of Judges was made final by a January 10, 2014, Order of the Office of Judges affirming the claims administrator's August 8, 2012, finding that Mr. Sharp has been fully compensated through a prior 5% permanent partial disability award for occupational pneumoconiosis.

1

reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Sharp filed an application for workers' compensation benefits on April 5, 2010, alleging that he developed occupational pneumoconiosis as a result of exposure to occupational dust hazards while employed with Alcan Rolled Products - Ravenswood. On May 2, 2010, Michael Merrifield, CIH, Alcan's Industrial Hygienist/Safety Manager, authored a letter stating that Alcan has been fully compliant with regulations promulgated by the Occupational Safety and Health Administration regarding permissible exposure limits pertaining to total dust and total fiber in the departments where Mr. Sharp has been employed, namely the Finishing Department and the Scalping Department, from July 15, 2002, through the present. On June 11, 2010, the claims administrator rejected Mr. Sharp's application for workers' compensation benefits on a non-medical basis.

On October 21, 2010, Mr. Sharp was deposed. He testified that he was exposed to occupational dust hazards while employed in both the Finishing and Scalping Departments. He testified that he was exposed to excessive dust and oil mist while employed in the Finishing Department. Mr. Sharp testified that he was exposed to visible aluminum shavings, dust, a fine mist of metal chips, "fumes", and a lubricant designed to keep the blades of an ingot saw from overheating while employed in the Scalping Department.

On July 11, 2011, Mr. Merrifield authored an affidavit. He stated that Alcan performs inspections and monitors dust and airborne fiber levels in its workers' environments utilizing the standard National Institute for Occupational Safety and Health methodology. He then noted that a representative sampling methodology, as approved by the Occupational Safety and Health Administration, was utilized to extrapolate data for portions of Mr. Sharp's work environment. Mr. Merrifield further stated that between July 15, 2002, and May 11, 2010, sampling indicated an average concentration of potentially hazardous substances so far below recognized exposure limits that it can be concluded that Mr. Sharp was not exposed to any abnormal, excessive, harmful, or hazardous quantities of dust or any other alleged material. Mr. Merrifield testified in a deposition on October 25, 2011, and stated that he has no reason to believe that Mr. Sharp incurred any type of hazardous exposure. He further testified that the sampling procedures utilized by Alcan are of the type routinely used by industrial hygienists.

In its Order reversing the June 11, 2010, claims administrator's decision, the Office of Judges held that Mr. Sharp has been exposed to the hazards of occupational pneumoconiosis and further held the claim compensable on a non-medical basis subject to the presumption contained in West Virginia Code § 23-4-8c(b) (2009). Additionally, the Office of Judges identified May 11, 2010, as the date of last exposure in the instant claim. The Board of Review modified the Office of Judges' Order to reflect that the date of last exposure is October 31, 2002, and affirmed the remainder of the Office of Judges' Order. On appeal, Mr. Sharp asserts that the evidence of record demonstrates that he continued to be exposed to the hazards of occupational pneumoconiosis until May 11, 2010.

The sole issue before this Court concerns the date of Mr. Sharp's last exposure to the hazards of occupational pneumoconiosis arising from his April 5, 2010, application for workers' compensation benefits. This Court notes that Mr. Sharp has filed a prior claim for occupational pneumoconiosis, in which the date of last exposure was determined to be August 8, 2002. West Virginia Code of State Rules § 85-20-52.2 (2006) states:

> If the employer submits credible evidence demonstrating that it has been in compliance with OSHA and/or MSHA permissible exposure levels, as determined by sampling and testing performed in compliance with OSHA and/or MSHA regulations for the dust alleged by the injured worker, then the Commission, Insurance Commissioner, private carrier or self-insured employer, whichever is applicable, may consider that the dust exposure alleged by the injured worker does not suffice to satisfy the exposure requirements of W. Va. Code §§23-4-1(b) and 23-4-15(b) only for the period(s) covered by the sampling or testing. In order for the evidence to be deemed credible, it must be based upon regularly scheduled exposure samples from each work area where harmful exposure has been alleged, which samples will be obtained by certified industrial hygienists as defined by OSHA and/or MSHA regulations or government agencies, and the samplings must be obtained during the period for which the employer is seeking to avoid chargeability.

The Office of Judges found that Mr. Sharp's testimony and argument alleging that he continued to incur exposure to occupational dust hazards until May 11, 2010, is more persuasive than the evidence received from Mr. Merrifield. The Board of Review found that the Office of Judges' analysis and conclusions regarding the date of last exposure are clearly wrong. The Board of Review further found that in Mr. Sharp's prior occupational pneumoconiosis claim, the date of last exposure was August 8, 2002, at which time Mr. Sharp was working in the Finishing Department. The Board of Review then found that Mr. Merrifield testified that Mr. Sharp stopped working in the Finishing Department in October of 2002. After determining that Mr. Sharp's exposure to occupational dust hazards did not change from the date of last exposure in the prior claim, namely August 8, 2002, until the date he left the Finishing Department, which the Board of Review determined to be October 31, 2002, the Board of Review concluded that Mr. Sharp continued to be exposed to occupational dust hazards until he left the Finishing Department. The Board of Review also found that Alcon Rolled Products was in compliance with permissible exposure levels set by the Occupational Safety and Health Administration from October 31, 2002, when Mr. Sharp left the Finishing Department, to May 11, 2010, as determined by sampling performed in compliance with Occupational Safety and Health Administration regulations. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  May 7, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4